*This opinion is nonprecedential except as provided by
Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1768**

In the Matter of the Welfare of the Child of:
B. D. M. and A. T. C. W. (deceased),
AKA A. T. W., AKA A. C. W., Parents.

**Filed April 15, 2024
Affirmed
Schmidt, Judge**

Olmsted County District Court
File No. 55-JV-22-6169

James McGeeney, Doda McGeeney, Rochester, Minnesota (for appellant-mother B.D.M.)

Mark Ostrem, Olmsted County Attorney, Deanna S. Varga, Assistant County Attorney, Rochester, Minnesota (for respondent Olmsted County Health, Housing, and Human Services)

A. Michael Kuehn, Third District Public Defender, Janet H. Krueger, Assistant Public Defender, Rochester, Minnesota (for child)

Laurel Thompson, Rochester, Minnesota (guardian ad litem)

Considered and decided by Schmidt, Presiding Judge; Slieter, Judge; and Wheelock, Judge.

**NONPRECEDENTIAL OPINION**

**SCHMIDT**, Judge

Appellant-mother B.D.M. (mother) challenges the termination of her parental rights regarding her child, K.W., arguing that the district court abused its discretion in

determining that termination of her parental rights is in the best interests of the child. Because the district court did not abuse its discretion, we affirm.

## FACTS

This is the second appeal involving the termination of mother's parental rights. The underlying facts are set forth in this court's earlier opinion. *In re Welfare of Child of B.D.M.*, No. A23-0311, 2023 WL 5525069, at *1-4 (Minn. App. Aug. 28, 2023). In the first appeal, we determined that the district court did not abuse its discretion in finding the county proved a statutory ground for terminating parental rights by clear and convincing evidence. *Id.* at *6. This court then affirmed the district court's determination that statutory grounds existed to terminate parental rights. *Id.* at *6-7. However, we remanded to the district court for the narrow purpose of making additional best-interests findings setting out mother's interests in preserving the parent-child relationship and any competing interests of the child. *Id.*

On remand, the district court issued amended findings of fact, conclusions of law, and an order terminating mother's parental rights. The relevant amended findings are:

> 59. In termination of parental rights matters, this Court must not only determine whether Petitioner has met their burden of proof with respect to the statutory basis but also whether the termination is in the best interest of the child. In determining what is in [K.W.'s] best interests, this Court must [weigh] (1) the child's interest in preserving the parent-child relationship; (2) the parent's interest in preserving the parent-child relationship; and (3) any competing interest of the child.
>
> 60. When considering [K.W.'s] interest in preserving the parent-child relationship, [K.W.] testified that she may want a relationship with [mother] at some point in the future. However, right now [K.W.] does not wish to see [mother].

2

[K.W.] is still afraid of [mother] and does not feel safe in [mother's] care. [K.W.] only wishes to interact with [mother] if [mother] addresses her mental health.

61. Next, the Court must consider the parents' interest in preserving a relationship with their Child. Testimony shows [mother] loves her child and wants to have [K.W.] back in her care. [Mother] has demonstrated desire to care for [K.W.] through various ways such as being organized with medical appointments and [K.W.'s] immunizations; being aware of [K.W.'s] school needs; maintaining a home for [K.W.] to return to; and purchasing things for [K.W.]. [Mother] wants to preserve her relationship with [K.W.].

62. Finally, the Court must consider any competing interests of the Child. [K.W.] needs and deserves a safe, stable, loving environment where all her needs are met. [Mother] cannot provide this for [K.W.] for the foreseeable future.

The district court concluded that "[t]he best interests of [K.W.] are the paramount consideration in this termination of parental rights proceeding and the Petitioner has proven by clear and convincing evidence that it is in [K.W.'s] best interests that the parental rights of [mother] should be terminated."

Mother appeals.

## DECISION

Parental rights may be terminated only for "grave and weighty reasons." *In re Welfare of M.D.O.*, 462 N.W.2d 370, 375 (Minn. 1990). A district court may terminate parental rights if: (1) one of the statutory bases for terminating parental rights exists; (2) reasonable efforts toward reunification were made or were not required; and (3) termination is in the child's best interests. Minn. Stat. §§ 260C.301, subds. 1(b), 7, 8, .317, subd. 1 (2022); *In re Welfare of Child. of S.E.P.*, 744 N.W.2d 381, 385 (Minn. 2008).

3

The only element at issue on this appeal is whether the district court abused its discretion in finding that termination of mother's parental rights is in K.W.'s best interests.

To evaluate the best interests of a child in a proceeding to terminate parental rights, a district court must consider (1) "the child's interests in preserving the parent-child relationship," (2) "the parent's interests in preserving the parent-child relationship," and (3) "any competing interests of the child." Minn. R. Juv. Prot. P. 58.04(c)(2)(ii). "Competing interests include health considerations, a stable environment, and the child's preference." *In re Welfare of Child of J.K.T.*, 814 N.W.2d 76, 92 (Minn. App. 2012). Although the interests of the parent and child must be balanced, this "does not mean that the interests of the parent and the child are weighed equally." *In re Welfare of Udstuen*, 349 N.W.2d 300, 304 (Minn. App. 1984); *see also In re Welfare of Child. of K.S.F.*, 823 N.W.2d 656, 668 (Minn. App. 2012) (stating that "the district court must balance the preservation of the parent-child relationship against any competing interests of the child," and a mother's "love and desire" to care for her child "does not outweigh her [child's] needs for basic care and adequate nutrition"). Once the district court rules that a statutory basis to terminate parental rights exists, the best interests of the child are the paramount concern. *See* Minn. Stat. § 260C.301, subd. 7 (stating that "the best interests of the child must be the paramount consideration"). This court gives "considerable deference to the district court's findings" because the analysis requires credibility determinations. *J.K.T.*, 814 N.W.2d at 92. We "apply an abuse-of-discretion standard of review to a district court's conclusion that termination of parental rights is in a child's best interests." *In re Welfare of Child of A.M.C.*, 920 N.W.2d 648, 657 (Minn. App. 2018).

Mother argues that the district court's findings were "insufficient to support" its conclusion that termination is in K.W.'s best interests. We are not persuaded.

The district court made specific findings directly related to the best-interests analysis. In addition, the district court found that mother has physically harmed K.W., K.W. is afraid of being around mother, K.W. does not feel safe in mother's care, and K.W. has experienced night terrors and panic attacks. The court also found that mother "lacks insight into how her mental health impacts [K.W.]," mother blames K.W. for the physical discipline, mother is "unable to emotionally support [K.W.]," and mother "is unable to understand how harmful her behaviors are to [K.W.]" The district court further found that K.W.'s wellbeing has significantly improved since leaving mother's care. In our thorough review of the record, the district court's findings are supported by the evidence.

The district court appropriately acknowledged mother's love for K.W., her interest in preserving the parent-child relationship, and her positive qualities as a parent. In addition, the district court properly viewed K.W.'s interest as paramount and the court, within its discretion, determined that K.W.'s interests outweighed mother's interests and supported the termination of mother's parental rights.

Given the district court's credibility findings—which are central to the best-interests analysis—and the substantial amount of evidence supporting the court's factual findings, the district court did not abuse its discretion in ruling that termination of mother's parental rights was in K.W.'s best interests.

**Affirmed.**